UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 2:19CR140-PPS |
| | ) | |
| MICHAEL CHRISTIANSON, | ) | |
| | **)** | |
| Defendant. | ) | |

OPINION AND ORDER

The federal government may only try a criminal defendant in a state and judicial

district where the charged offense was committed.  U.S. CONST. art. III, §2,  cl. 3 and

amend. VI.  This constitutional principle is echoed in Rule 18 of the Federal Rules of

Criminal Procedure. In the case of Michael Christianson, the affidavit filed in support of

the complaint repeatedly indicates that the conduct on which the charges are based

occurred in the city of La Porte, Indiana, which is the county seat of La Porte County,

located within the South Bend Division of this court.  18 U.S.C. §94(a)(2).  Christianson,

acting pro se before the recent appointment of counsel to represent him, filed a motion

to dismiss pursuant to Fed.R.Crim.P. 12(b)(3)(A)(i) in which he argues that for Count 2

of the indictment, venue lies in North Carolina.

Count 2 charges a violation of 18 U.S.C. §1462, which prohibits transportation of

obscene matters.  More particularly, Count 2 alleges that:

> Between on or about June 22, 2019 and on or about July 2, 2019, in the
> Northern District of Indiana and elsewhere, the defendant, MICHAEL A.
> CHRISTIANSON, did knowingly use an interactive computer service for

carriage in interstate and foreign commerce one or more obscene matters,
to wit: children's books he authored, the carriage of which in interstate
and foreign commerce is unlawful.

[DE 23 at 2.]  Christianson argues that because the charged materials were electronically

delivered to LuLu Press, Inc. at its North Carolina headquarters, and he did not retain

or store copies of those materials on his personal computer equipment in the Northern

District of Indiana, venue is proper on this count only in North Carolina.  He relies on

*Ashcroft v. ACLU*, 535 U.S. 564 (2002), "as the controlling case for venue in this

proceeding."  [DE 105 at 3.]

    *Ashcroft v. ACLU* is not a venue case, however.  The issue addressed in that

decision was "whether the Child Online Protection Act's (COPA or Act) use of

'community standards' to identify 'material that is harmful to minors' violates the First

Amendment." *ACLU*, 535 U.S. at 566.  Declining to speculate about hypothetical jury

instructions for a COPA case, the Supreme Court said only that "[i]t is sufficient to note

that community standards need not be defined by reference to a precise geographic

area."  *ACLU*, 535 U.S. at 576, citing *Jenkins v. Georgia*, 418 U.S. 153, 157 (1974).  Later in

the majority opinion, Justice Thomas observes that "[i]f a publisher chooses to send its

material into a particular community, this Court's jurisprudence teaches that it is the

publisher's responsibility to abide by that community's standards."  *ACLU*, 535 U.S at

583.  It is this language that Christianson appears to invoke, but the issue there is not

venue but the substantive legal standards involving "community standards" that

govern a case under COPA.  So the *ACLU* case does not stand for the proposition that

2

Christianson urges, namely that in an obscenity prosecution, venue is determined by where the charged materials were received or retained.  [DE 105 at 3-4.]

The government's opposition points to an applicable statute that clearly and expressly addresses the proper place for a prosecution involving conduct that spans more than one district.  Title 18 U.S.C. §3237(a) provides that "any offense...begun in one district and completed in another, or committed in more than one district, may be inquired of and prosecuted in any district in which such offense was begun, continued, or completed."  Also applicable to this case is the second clause of §3237(a), which provides that any offense involving transportation in interstate or foreign commerce "may be inquired of and prosecuted in any district from, through, or into which such commerce, mail matter, or imported object or person moves."

The breadth of that language might prompt interesting questions for other cases involving matter transmitted electronically through the internet, but the application of §3237(a) to this case is simple and sure. Both clauses of §3237(a) validate a prosecution in the district encompassing the point of origin of the material, which in Christianson's case is alleged to be La Porte, within the Northern District of Indiana.  The same provisions might also authorize Christianson's prosecution in North Carolina for the same offense, but they do not require it.  And Christianson has not sought a change of venue to North Carolina, but only a dismissal of Count 2, to which he is not entitled.

ACCORDINGLY:

3

Defendant Michael Christianson's Motion to Dismiss [DE 105] is DENIED.

SO ORDERED.

ENTERED: July 23, 2020.

 /s/   Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT

4