UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | 2:19-cr-140 PPS-JEM |
| v. | ) | |
| | ) | Hon. Philip P. Simon |
| MICHAEL A. CHRISTIANSON | ) | |

**GOVERNMENT RESPONSE TO DEFENDANT'S *PRO SE*
"VERIFIED THIRD MOTION TO DISMISS INDICTMENT
(1 AMEND AS-APPLIED AND EIGHTH AMENDMENT
AS-APPLIED ARGUMENTS" (DE # 224)**

Comes now the United States of America, through Gary T. Bell, Acting United States Attorney, to respond as follows to Defendant's Verified Third Motion to Dismiss Indictment" (DE # 224):

## Introduction

Count One of the Indictment alleges that between June 22, 2019 and July 2, 2019, Defendant, a convicted child molester, transported lascivious images of actual children in interstate commerce. DE # 1 at ¶¶ 10, 38-43, 46-47. Defendant did this by uploading children's books he authored to an online self-publishing website called LuLu Press. DE # 1. His books were illustrated with images of children, including naked pictures of children under the age of 12. DE # 1 at ¶ 12. The children's genitalia constituted the focus of many of the images. DE # 1 at ¶¶ 11-12. The written and photographic content of the books

1

were designed to be used by adults to groom child readers for sexual contact. DE # 1 at ¶¶10, 22-36.

Defendant was first charged by way of criminal complaint on August 7, 2019. DE # 1 (alleging the transportation of child pornography in violation of 18 U.S.C. § 2251(a)(1)). An indictment followed on November 20, 2019, charging Defendant with that offense and with transporting obscene matters in violation of 18 U.S.C. § 1462. DE # 23.

## **Defendant's Allegations**

Defendant's motion seeks the dismissal of Count 1, claiming it violates his rights under the First, Fifth and Eighth Amendments to the United States' Constitution. DE # 224 at 1. No challenge is raised to the obscenity charge in Count 2 of the Indictment, which does not trigger a mandatory minimum sentence.

Defendant asserts the visual depictions of children appearing in his books are protected by the First Amendment because they are purely educational and not intended to "…groom children for unlawful abuse or exploitation." *Id.* at 4, 13-14. Defendant argues that even if the content of his books could be considered useful in "grooming," it is nonetheless constitutionally protected free speech. *Id.* at 32. Defendant concedes, however, for purposes of "this motion only," that the charged depictions meet the legal definition of child pornography. *Id.* at 2.

Defendant's Fifth Amendment challenge appears to rely on a void for vagueness argument. Section 2252 is unconstitutionally vague, in Defendant's estimation, because *he* lacked the capacity to know whether the individuals depicted were actual minors. *Id.* at 16, 26, 29. Defendant assures the Court that his internet searches for images were limited to seeking visual depictions he believed "in good faith" to depict adults with "shaved genitalia and micro-penises, some in sexual positions that had educational value and others in non-lascivious and/or merely nude poses that had educational value." *Id.*

Finally, Defendant argues that the 15-year mandatory minimum sentence he faces if convicted of Count 1 violates the Eighth Amendment's prohibition on cruel and unusual punishment. *Id.* at 17-20.

## Analysis

Defendant's motion fails because it attempts to apply speech-related protections to Count 1, which alleges transportation of contraband in interstate commerce. Defendant's books contain photographs and if one or more of the photographs are deemed by a jury to constitute a depiction of an actual minor being caused to engage in sexually explicit conduct including the lascivious exhibition of their genitals, then under *New York v. Ferber, 458* U.S. 747,756 (1982) and *Ashcroft v. Free Speech Coalition*, 122 S.Ct. 1389, 1402 (2002), that image is undeserving of First Amendment protection.

3

Defendant's due process argument likewise fails. Defendant can claim that he sought out and included in his books only images that he believed depicted adults with "shaved genitalia" and "micro-penises," but the jury will be free to reject those claims upon viewing the actual images. As the Supreme Court explained in *United States v. Williams*, 553 U.S. 285, 306 (2008), "[c]lose cases can be imagined under virtually any statute. The problem that poses is addressed, not by the doctrine of vagueness, but by the requirement of proof beyond a reasonable doubt." *Id.* (citing *In re Winship*, 397 U.S. 358, 363 (1970)).

As for Defendant's "as applied" challenge to the penalty provision of § 2252, that challenge is not yet ripe because Defendant has not been tried, much less convicted and sentenced, under the statute. Even setting ripeness aside, a sentence violates the Eighth Amendment only if it is grossly disproportionate to the crime, and successful challenges to the proportionality of a particular sentence are "exceedingly rare." *See Ewing v. California*, 538 U.S. 11, 21 (2003) (citation omitted). Moreover, in *United States v. Gross*, 437 F.3d 691, 694 (7th Cir. 206), the Seventh Circuit rejected a similar argument; it found the 15-year statutory minimum term of imprisonment for possession of child pornography *not* grossly disproportionate as applied to a recidivist offender even despite his mitigating background. Accordingly, Defendant's Eighth Amendment challenge appears unlikely to succeed even once ripe for consideration.

## Conclusion

WHEREFORE, for the reasons set forth above, the government respectfully requests that Defendant's motion, DE # 224, be denied.

Dated: March 30, 2021

Respectfully submitted,

GARY T. BELL
ACTING UNITED STATES ATTORNEY


<u>/s/ Jill R. Koster</u>
Jill R. Koster
Assistant U.S. Attorney
5400 Federal Plaza, Suite 1500
Hammond, Indiana 46320
(219) 937-5500

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 30, 2021, I filed the foregoing response with the Court via the ECF system, and asked my assistant, Teresa Torres, to mail a copy of this filing to Defendant at the following address, which was verified on this date by checking the BOP's online inmate locator:

Michael A. Christianson
18031-027
MCC CHICAGO
METROPOLITAN CORRECTIONAL CENTER
71 WEST VAN BUREN STREET
CHICAGO, IL 60605

By:    /s/ Jill Koster
       Jill Koster
       Assistant United States Attorney