UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO. 2:19CR140-PPS |
| ) | |
| MICHAEL A. CHRISTIANSON, ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

Defendant Michael A. Christianson is representing himself in this case. He is charged in Count 1 with transportation of one or more depictions of actual minors engaging in sexually explicit conduct, in violation of 18 U.S.C. §2252(a)(1), and in Count 2 with transportation of obscene matters in violation of 18 U.S.C. §1462. Now pending are three separate motions by Christianson seeking dismissal of the charges against him.

In the first motion, Christianson argues that Count 1 violates the First, Fifth and Eighth Amendments of the United States Constitution. [DE 224 at 1.] Christianson devotes 15 pages of the motion to "Factual Background," describing his personal history founding the Kindness 360 organization, its activities and aims, his commitment to promotion of "naked-play," his prior child molestation conviction and sentence, his self-education in legal matters, his life post-incarceration including his various publications, among them the materials on which the indictment is based. [*Id*. at 3-17.]

The First Amendment argument fails because material that meets the applicable statutory definition – a visual depiction involving "the use of a minor engaging in sexually explicit conduct"– has no First Amendment Protection. *New York v. Ferber*, 458 U.S. 747, 756 (1982) and *Ashcroft v. Free Speech Coalition*, 535 U.S. 234, 245-46 (2002). "The freedom of speech...does not embrace certain categories of speech, including... pornography produced with real children." *Free Speech Coalition*, 535 U.S. at 245-46.

Despite indicating that for purposes of his motion, Christianson accepts that the charged depictions are "technically child pornography," he makes a First Amendment as-applied argument that his books are entitled to free speech protection because they have serious non-lascivious educational, artistic, anthropological, religious, political and literary value, namely "teaching children to love the skin they're in, tolerance and acceptance for homosexuality (love is love), to play naked (responsibly), and their natural right to enjoy self-pleasuring and lawful forms of naked-play." [DE 224 at 3, 12; DE 328 at 18.]

He also makes an "as-applied" challenge to Count 1 in his next motion to dismiss. In particular, Christianson argues that the prosecution "bifurcates" the charged images from the text of his "Trilogy" of books in an attempt to deprive the visual depictions of their rightful First Amendment protection. [DE 293 at 12.] The argument goes that the Trilogy's illustrations of a minor's genitals "are not sexually explicit" but instead "are necessary to show anatomical structure among other legitimate purposes." [*Id*. at 15.]

Coming as pretrial motions, these "as applied" First Amendment arguments are premature. *United States v. Nagel*, 559 F.3d 756, 759 (7th Cir. 2009) (noting that the district court had found a defendant's as-applied arguments unripe prior to conviction); *United States v. Bonin*, Case No. 15 CR 22, 2016 WL 792313, at *2 (N.D. Ill. March 1, 2016); *United States v. Caputo*, 288 F.Supp.2d 912, 917 (N.D.Ill. 2003); *United States v. Cooper*, 754 F.Supp. 617, 623 (N.D.Ill. 1990). Because as-applied challenges require review of the specific facts of a case, which cannot yet be determined prior to the parties' presentation of evidence at trial, a court cannot review and determine an as-applied argument presented in a pretrial motion. *Bonin*, 2016 WL 79231, at *2 (collecting cases). For this reason, the as-applied arguments must be rejected at this juncture.

Christianson does not establish a due process violation of the Fifth Amendment merely by the *charging* of the offense set out in Count 1, such that dismissal would be appropriate. "A conviction fails to comport with due process if the statute under which it is obtained fails to provide a person of ordinary intelligence fair notice of what is prohibited, or is so standardless that it authorizes or encourages seriously discriminatory enforcement." *United States v. Williams*, 553 U.S. 285, 304 (2008). Christianson's argument outlines his defense that he made good faith efforts to use images that were *not* actual minors, but adults with "shaved genitalia and micro-penises." [DE 224 at 16.] If Christianson can persuade a jury that the images charged are not of actual minors or that he did not know the images were of minors, he will be entitled to acquittal. But the existence of those defenses or of evidence to support them

in this case does not support dismissal of the charge as unconstitutional. Christianson's concerns do not highlight any indeterminacy in the incriminating facts the statute requires for guilt, but only whether those facts will be found in his case. As the Supreme Court said in *Williams*, "the requirement of proof beyond a reasonable doubt" is the answer to such concerns. *Id*. at 306.

Christianson argues that the Eighth Amendment's prohibition on cruel and unusual punishment is violated by the risk of a disproportionately extreme penalty under Count 1. He cites the combined impact of the mandatory minimum 15-year sentence applicable because of his prior child sex conviction, the government's request for forfeiture of "all property, real and personal, used or intended to be used to commit or to promote the commission of the offense," the risk of a consecutive sentence if he faces related state charges, the person and financial impact of the seizure of his property, his arrest and his pretrial incarceration, and finally the risk of a substantial fine. [DE 224 at 21-22; DE 23 at 3.]

Because Christianson has not yet been convicted and sentenced, his cruel and unusual punishment argument is speculative and unripe. In any event, it is unpersuasive. Although "the Eighth Amendment prohibits imposition of a sentence that is grossly disproportionate to the severity of the crime," the Supreme Court has said that "[o]utside the context of capital punishment, successful challenges to the proportionality of particular sentences have been exceedingly rare." *Rummel v. Estelle*, 445 U.S. 263, 271-272 (1980). The proportionality principle Christianson invokes

4

requires comparison "of the crime committed and the sentence imposed." *Ewing v. California*, 538 U.S. 11, 20 (2003).  Since no sentence has been imposed, Christianson is unable to demonstrate any disproportionality.  But the Seventh Circuit has previously rejected an argument that the 15-year mandatory minimum sentence for distribution of child pornography constituted cruel and unusual punishment.  *United States v. Gross*, 437 F.3d 691, 693 (7th Cir. 2006).

Christianson also challenges §2252(a)(1) as overbroad.  [DE 224 at 23.]  This argument relies on the severity of the penalties and the contention that "the material charged in the Indictment…does not threaten the harms sought to be combated by the government."  [*Id*. at 23-24.]  A statute is facially invalid as overbroad if "it prohibits a substantial amount of protected speech."  *Williams*, 553 U.S. at 292.  Christianson compares the visual depictions Count 1 is based on with "the plethora of hard-core child pornography transported by the quintessential child pornographer" and notes that the charged images have no "HASH values," that is they have not been found on sites of known child pornography  [*Id*. at 24-25.]  He describes the care he took to conduct his image searches so as to avoid depictions of actual minors.  [*Id*. at 29.]

As Christianson well knows, the Supreme Court found two provisions of the Child Pornography Protection Act of 1996 to be facially overbroad in *Ashcroft v. Free Speech Coalition*, 535 U.S. 234, 258 (2002).  The first was a provision that banned possession or distribution of visual depictions of what merely "appears to be" a minor engaging in sexually explicit conduct.  *Id*. at 239-41.  The second invalidated provision

5

"criminalized the possession and distribution of material that had been pandered as child pornography, regardless of whether it actually was that." *Williams*, 553 U.S. at 289. But in *Williams*, the Supreme Court rejected an overbreadth challenge to §2252(a)(3) drafted after *Aschroft*, finding that the statutory language was "a carefully crafted attempt to eliminate the First Amendment problems we identified." *Id*. at 307. The statute under which Christianson is charged in Count 1 is not shown to be vague or overbroad such that the charge is subject to dismissal. Christianson's contentions about his innocence of the charge provide no basis for a conclusion that the charge itself is defective.

Christianson's most recent motion to dismiss [DE 306] was filed on April 12, 2021, a mere 11 days after the previous one was filed on April 1 [DE 293]. The April 1 motion was 31 pages in length. The April 12 motion is 55 pages long. It is also the sixth motion to dismiss Christianson has filed. [DE 105, 169, 194, 224, 293, 306.] Christianson's outline of the latest motion identifies some 14 arguments and sub-arguments presented. [DE 306 at 1-3.] At long last, after the two judicial officers have considered and ruled upon more than 80 motions, requests and objections filed by Christianson, I draw the line. The April 12 motion to dismiss will be denied because it is untimely filed, because it is grossly overlong without leave of court, because it presents arguments that either have been made previously or could have been made previously, and because seeking dismissal for the sixth time on so many grounds is an abuse of the judicial process.

6

**ACCORDINGLY:**

Defendant Michael A. Christianson's Verified Third Motion to Dismiss Indictment (1st Amendment As-Applied and Eighth Amendment As-Applied Arguments) [DE 224], Third Motion to Dismiss the Indictment (First Amendment As-Applied) [DE 293], and Verified 7th Motion to Dismiss Indictment (Multiple Claims) [DE 306] are DENIED.

SO ORDERED.

ENTERED: May 4, 2021.

                                      /s/ Philip P. Simon
                                  **UNITED STATES DISTRICT JUDGE**