-FILED-

MAY 12 2021

ROBERT N. TROGOVICH, Clerk
U.S. DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

U.S.

V.

Case NO
2:19-CR-0140

Michael Christianson

## Defendant's Motion To Be Free of Shackles and Other Prejudicial Restraints

Defendant, pro se, pursuant to FRCrP Rule 2, 12(b)(1) and Due Process, moves this Court to be allowed to present his case unrestrained and in support would state as follows, that:

1. The Defendant is proceeding Pro Se in this case with Standby Counsel, DE 167, Since December 29, 2020.

2. The Defendant has made numerous Court appearances between December 29, 2020, and the present (DE 167, 178, 206, 217, 337) without disruption. And Defendant has never fled or concealed himself from justice; U.S. v. Van Sach, 458 F.3d 694 (7 Cir 2006)

1

3. In Proceeding Pro Se, shackles and other restraints will prevent the Defendant from showing demonstrative exhibits he intends to use in the trial and at closing and from presenting his case with the fluidity and freedom of movement of which is required to humanize the defendant before the jury. Further, the placement of the witness chair and the defense table is a such a great distance from the witness testifying and at such an awkward 45° angle that it will certainly have an unfair impact on defendant's ability to question the witness and in getting to the truth of a matter; Further, the Defendant will be unable to approach the bench for sidebars and other matters that must be handled outside the hearing of the jury. Most importantly, shackles imply guilt in violation of Defendant's Due Process right and presumption of innocense that is a fundamental Constitutional right and must be preserved. U.S. Const. amend V, VI; Woodward v. Perrin, 692 F.2d 220 (1 Cir 1982)(Consideration of less restrictive measures is warranted)

2

4. The Defendant should not be visibly restrained unless the practice is "essential" to Courtroom Security based on "the circumstances of the particular case" Deck v. Missouri, 544 U.S. 622, 624, 632 (2005). And Shackles are "inherently prejudicial" (Id. at 635) especially in this case where the Defendant is Pro Se.

5. The Defendant is requesting routine Security measures that will not involve physical restraints to mitigate the prejudice to the Defendant "so long as the [] numbers or weaponary [of Security personal] do not suggest particular official concern or alarms" (Holbrook v. Flynn, 475 U.S. 560, 569 (1986); Van Sach, 458 F.3d ___

6. Defendant requests, further, that the U.S. Marshel(s) providing Security in the Courtroom (28 U.S.C. § 566(a), (b)) be required to dress in plain clothes to mitigate the prejudice to the Defendant

3

and the presentation of his case. See, e.g. <u>U.S. v. Chavez-Flores</u>, No. 09-3252 (10 Cir 2010)(U.S. Marshal's dressed in plain clothes)

WHEREFORE the Defendant, Pro Se, requests this Honorable Court Grant his request to present his case unshackled and for the use of routine security measures in the Courtroom to mitigate any prejudice to the Defendant and/or his case, and for any further just and equitable relief in the premises.

Respectfully,

Michael Christianson
513110
3050 S. Justice Way
Kankakee, IL 60901

4

Certificate

I Certify that on May ___, 2021, I placed the forgoing "Motion to be free of Shackles..." in the JCDC Institutional legal Mail System with a trust fund request to place Sufficient 1st class postage on the envelope per JCDC policy and addressed to:

Clerk of Court
Federal District Court
Suite 2300
5400 Federal Plaza
Hammond, IN 46320

/s/

5