UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| v. | ) | Case No. 2:19-CR-00140-PPS-JEM |
| | ) | |
| MICHAEL A. CHRISTIANSON | ) | |

## **GOVERNMENT'S REQUESTED JURY INSTRUCTIONS**

The United States of America, by Gary T. Bell, Acting United States Attorney for the Northern District of Indiana, through Assistant U.S. Attorneys Jill Koster and Molly Kelley, respectfully requests that the Court include the attached instructions numbered 1 through 27 in its charge to the jury, and further requests leave to offer such other and additional instructions as may become appropriate during the course of the trial.

Respectfully submitted,

GARY T. BELL
ACTING UNITED STATES ATTORNEY


*/s/ Molly Kelley*
By:   Molly Kelley
Assistant. U.S. Attorney

1

GOVERNMENT'S PROPOSED INSTRUCTION NO.  1

Members of the jury, I will now instruct you on the law that you must follow in deciding this case. [I will also give [each of] you a copy of these instructions to use in the jury room.] [Each of you has a copy of these instructions to use in the jury room.] You must follow all of my instructions about the law, even if you disagree with them. This includes the instructions I gave you before the trial, any instructions I gave you during the trial, and the instructions I am giving you now.

As jurors, you have two duties. Your first duty is to decide the facts evidence that you saw and heard here in court. This is your job, not my job or anyone else's job.

Your second duty is to take the law as I give it to you, apply it to the facts, and decide if the government has proved the defendant guilty beyond a reasonable doubt [and whether the defendant has proved [insert defense] by a preponderance of the evidence; by clear and convincing evidence].

You must perform these duties fairly and impartially. Do not let sympathy, prejudice, fear, or public opinion influence you. [In addition, do not let any person's race, color, religion, national ancestry, or gender influence you.]  You must not take anything I said or did during the trial as indicating that I have an opinion about the evidence or about what I think your verdict should be.    Pattern Crim. Jury Instr. 7th Cir. 1.01 (2020)

GOVERNMENT'S PROPOSED INSTRUCTION NO. 2

The charges against the defendant are in a document called an indictment. [You will have a copy of the indictment during your deliberations.]

The indictment in this case charges that the defendant committed the crimes of

- Transportation of Child Pornography and

- Transportation of Obscene Matters

The defendant has pled not guilty to the charges.

The indictment is simply the formal way of telling the defendant what crimes he is accused of committing. It is not evidence that the defendant is guilty. It does not even raise a suspicion of guilt.

Pattern Crim. Jury Instr. 7th Cir. 1.02 (2020)

GOVERNMENT'S PROPOSED INSTRUCTION NO. 3

The defendant is presumed innocent of each and every one of the charges. This presumption continues throughout the case, including during your deliberations. It is not overcome unless, from all the evidence in the case, you are convinced beyond a reasonable doubt that the defendant is guilty as charged.

The government has the burden of proving the defendant's guilt beyond a reasonable doubt. This burden of proof stays with the government throughout the case.

The defendant is never required to prove his innocence. He is not required to produce any evidence at all.

Pattern Crim. Jury Instr. 7th Cir. 1.03 (2020)

## GOVERNMENT'S PROPOSED INSTRUCTION NO.  4

You must make your decision based only on the evidence that you saw and heard here in court. Do not consider anything you may have seen or heard outside of court, including anything from the newspaper, television, radio, the Internet, or any other source.

The evidence includes only what the witnesses said when they were testifying under oath, and the exhibits that I allowed into evidence.

Nothing else is evidence. The parties' statements and arguments are not evidence. If what a lawyer [or the pro se defendant] said is different from the evidence as you remember it, the evidence is what counts. The parties' questions and objections likewise are not evidence.

A lawyer has a duty to object if she thinks a question is improper. If I sustained objections to questions the lawyers [or the pro se defendant] asked, you must not speculate on what the answers might have been.

If, during the trial, I struck testimony or exhibits from the record, or told you to disregard something, you must not consider it.

Pattern Crim. Jury Instr. 7th Cir. 2.01 (2020)

GOVERNMENT'S PROPOSED INSTRUCTION NO. 5

Give the evidence whatever weight you decide it deserves. Use your common sense in weighing the evidence, and consider the evidence in light of your own everyday experience.

People sometimes look at one fact and conclude from it that another fact exists. This is called an inference. You are allowed to make reasonable inferences, so long as they are based on the evidence.

Pattern Crim. Jury Instr. 7th Cir. 2.02 (2020)

GOVERNMENT'S PROPOSED INSTRUCTION NO. 6

You may have heard the terms "direct evidence" and "circumstantial evidence." Direct evidence is evidence that directly proves a fact. Circumstantial evidence is evidence that indirectly proves a fact.

You are to consider both direct and circumstantial evidence. The law does not say that one is better than the other. It is up to you to decide how much weight to give to any evidence, whether direct or circumstantial.

Pattern Crim. Jury Instr. 7th Cir. 2.03 (2020)

GOVERNMENT'S PROPOSED INSTRUCTION NO.  7

Do not make any decisions simply by counting the number of witnesses who testified about a certain point.

You may find the testimony of one witness or a few witnesses more persuasive than the testimony of a larger number. You need not accept the testimony of the larger number of witnesses.

What is important is how truthful and accurate the witnesses were and how much weight you think their testimony deserves.

Pattern Crim. Jury Instr. 7th Cir. 2.04 (2020)

8

GOVERNMENT'S PROPOSED INSTRUCTION NO. 8

[A defendant has an absolute right not to testify or present evidence. You may not consider in any way the fact that the defendant did not testify or present evidence. You should not even discuss it in your deliberations.]

Pattern Crim. Jury Instr. 7th Cir. 2.05 (2020)

GOVERNMENT'S PROPOSED INSTRUCTION NO. 9

Part of your job as jurors is to decide how believable each witness was, and how much weight to give each witness' testimony [, including that of the defendant]. You may accept all of what a witness says, or part of it, or none of it.

Some factors you may consider include:

- the age of the witness;

- the intelligence of the witness;

- the witness' ability and opportunity to see, hear, or know the things the witness testified about;

- the witness' memory;

- the witness' demeanor;

- whether the witness had any bias, prejudice, or other reason to lie or slant the testimony;

- the truthfulness and accuracy of the witness' testimony in light of the other evidence presented; and

- inconsistent [or consistent] statements or conduct by the witness.

Pattern Crim. Jury Instr. 7th Cir. 3.01 (2020)

GOVERNMENT'S PROPOSED INSTRUCTION NO.  10

It is proper for an attorney to interview any witness in preparation for trial.

Pattern Crim. Jury Instr. 7th Cir. 3.02 (2020)

GOVERNMENT'S PROPOSED INSTRUCTION NO.  11

You have heard evidence that before the trial, [a] witness[es] made [a] statement[s] that may be inconsistent with [his; their] testimony here in court. You may consider an inconsistent statement made before the trial [only] to help you decide how believable a witness' testimony was here in court. [If an earlier statement was made under oath, then you can also consider the earlier statement as evidence of the truth of whatever the witness said in the earlier statement.]

Pattern Crim. Jury Instr. 7th Cir. 3.03 (2020)

GOVERNMENT'S PROPOSED INSTRUCTION NO.  12

You have heard evidence that before the trial, the defendant made [a] statement[s] that may be inconsistent with his testimony here in court. You may consider an inconsistent statement by the defendant made before the trial to help you decide how believable the defendant's testimony was here in court, and also as evidence of the truth of whatever the defendant said in the earlier statement.

Pattern Crim. Jury Instr. 7th Cir. 3.04 (2020)

GOVERNMENT'S PROPOSED INSTRUCTION NO.  13

[You have heard testimony about the defendant's [good character; character for [list characteristic, trait or attribute]]. You should consider this testimony together with and in the same way you consider the other evidence.]

Pattern Crim. Jury Instr. 7th Cir. 3.08 (2020)

GOVERNMENT'S PROPOSED INSTRUCTION NO.  14

You have heard testimony [and received evidence] that the defendant made statements to the FBI and in his various writings. You must decide whether the defendant actually made the statement and, if so, how much weight to give to the statement. In making these decisions, you should consider all of the evidence, including the defendant's personal characteristics and circumstances under which the statement may have been made.

Pattern Crim. Jury Instr. 7th Cir. 3.09 (2020)

GOVERNMENT'S PROPOSED INSTRUCTION NO.  15

You have heard [testimony; evidence] that the defendant committed a crime other than the ones charged in the indictment, that is, (1) his possession of alleged child pornography and child erotica; and (2) his conviction for child molestation in 2003. Before using this evidence, you must decide whether it is more likely than not that the defendant committed the crimes, acts or wrongs that are not charged in the indictment.

However, I remind and caution you always to keep in mind that the defendant is not charged in this case with possession of child pornography or child molestation.

If you decide that it is more likely than not that the defendant committed the crimes, acts or wrongs that are not charged in the indictment in this case, you may only consider that evidence to help you decide whether the defendant intended to transport child pornography or obscene matters across state lines; whether the defendant has a sexual propensity to commit the charged child pornography crime; and whether the defendant's transportation of child pornography and/or obscene matters across state lines, if that occurred, was done knowingly.

You may not consider this evidence for any other purpose.  Again, keep in mind that the defendant is on trial here for (1) transportation of child pornography and (2) transportation of obscene matters – not for possession of

images other than those contained in his three books; and not for child molestation. The government has the burden to prove beyond a reasonable doubt the elements of the crimes charged in the indictment.

Pattern Crim. Jury Instr. 7th Cir. 3.11 (2020)

GOVERNMENT'S PROPOSED INSTRUCTION NO. 16

You have seen [a] video recording[s]]. This is proper evidence that you should consider together with and in the same way you consider the other evidence.

[You were also given transcripts of the conversation[s] [on the video recording[s]] to help you follow the recording[s] as you listened to [it; them]. The recording[s] are the evidence of what was said and who said it. The transcripts are not evidence. If you noticed any differences between what you heard in a conversation and what you read in the transcripts, your understanding of the recording is what matters. In other words, you must rely on what you heard, not what you read. And if you could not hear or understand certain parts of a recording, you must ignore the transcripts as far as those parts are concerned. [You may consider a person's actions, facial expressions, and lip movements that you are able to observe on a video recording to help you determine what was said and who said it.]]

[I am providing you with the recording[s] and a device with instructions on its use. It is up to you to decide whether to listen to [the; a] recording during your deliberations. You may, if you wish, rely on your recollections of what you heard during the trial.].

[If, during your deliberations, you wish to have another opportunity to view [a; any] transcript[s][as you listen to a recording], send a written message

to the [marshal; court security officer], and I will provide you with the transcript[s].]

Pattern Crim. Jury Instr. 7th Cir. 3.14 (2020)

GOVERNMENT'S PROPOSED INSTRUCTION NO.  17

If you have taken notes during the trial, you may use them during deliberations to help you remember what happened during the trial. You should use your notes only as aids to your memory. The notes are not evidence. All of you should rely on your independent recollection of the evidence, and you should not be unduly influenced by the notes of other jurors. Notes are not entitled to any more weight than the memory or impressions of each juror.

Pattern Crim. Jury Instr. 7th Cir. 3.18 (2020)

GOVERNMENT'S PROPOSED INSTRUCTION NO. 18

Count 1 of the Indictment charges Defendant Christianson with transportation of one or more images depicting a minor child being caused to engage in sexually explicit conduct, in violation of 18 U.S.C. § 2252(a)(1).

In order for you to find the defendant guilty of this charge, the government must prove each of the following elements beyond a reasonable doubt:

1. The defendant knowingly transported a visual depiction in interstate commerce, by any means including by computer;

2. The production of such visual depiction involved the use of a minor engaging in sexually explicit conduct;

3. Such visual depiction is of a minor engaged in sexually explicit conduct;

4. The defendant knew that such visual depiction was of sexually explicit conduct; and

5. The defendant knew that at least one of the persons engaged in sexually explicit conduct in such visual depiction was a minor.

If you find from your consideration of all the evidence that the government has proved each of these elements beyond a reasonable doubt, then you should find the defendant guilty of transporting child pornography.

If, on the other hand, you find from your consideration of all the evidence that the government has failed to prove any one of these elements beyond a

reasonable doubt, then you should find the defendant not guilty of the charge of transporting child pornography.

Let me explain what I mean by some of the terms I just read:

- "Minor" means any person under the age of eighteen (18) years.

- A "visual depiction" includes data that has been stored on computer disk or data that has been stored by electronic means and that is capable of conversion into a visual image.

- A minor is "used" to produce a visual depiction of sexually explicit conduct if the minor serves as a subject of the depiction.

- The term "sexually explicit conduct" means actual or simulated –

  A. sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral-anal, whether between persons of the same or opposite sex;
  B. bestiality;
  C. masturbation;
  D. sadistic or masochistic abuse; or
  E. lascivious exhibition of the genitals or pubic area of any person.


*United States v. Resnick*, 2:11-cr-00068 JTM-APR, DE # 116 at 19-20; Pattern Crim. Jury Instr. 7th Cir. 4.01 (2020); 18 U.S.C. § 2256(1) Definition of "Minor" (*Id.* at 833); 18 U.S.C. § 2256(2)(A) Definition of "Sexually Explicit Conduct" (*Id.* at 834).

GOVERNMENT'S PROPOSED INSTRUCTION NO. 19

Count 2 of the indictment charges the defendant with transportation of obscene matters, in violation of 18 U.S.C. § 1462.

In order for you to find the defendant guilty of this charge, the government must prove each of the following elements beyond a reasonable doubt:

1. The defendant knowingly used an interactive computer service to transport in interstate commerce children's books he authored;

2. The defendant knew, at the time of such transportation, the general nature of the contents of each book; and

3. One or more of the books were obscene.

Let me explain what I mean by "obscene."

No evidence of what constitutes obscene material has been or needs to be presented. It is up to you to determine whether the material is obscene using the standard in this instruction. For material to be deemed obscene, it must meet all three of the following requirements:

1. The average person, applying contemporary adult community standards, would find that the material, taken as a whole, appeals to the prurient interest. Material appeals to "prurient interest" when it is directed to an unhealthy or abnormally lustful or erotic interest, or to a lascivious or degrading interest, or to a shameful or morbid interest, in [sex; nudity; excretion].

2. The average person, applying contemporary adult community standards, would find that the material depicts or describes sexual conduct in a patently offensive way.

3. A reasonable person would find that the material, taken as a whole, lacks serious literary, artistic, political, or scientific value.

Before you can find material to be obscene, you must find that it meets all three of these requirements.

You are to apply these requirements from the standpoint of an average adult in the community, namely, the counties in the Northern District of Indiana in which you reside.

You are not to apply these standards from the standpoint of the sender, the recipient, or the intended recipient of the material.

You must also avoid applying subjective personal and privately held views regarding what is obscene. Rather, the standard is that of an average adult applying the collective view of the community as a whole.

If you find from your consideration of all the evidence that the government has failed to prove any one of these elements beyond a reasonable doubt, then you should find the defendant not guilty of transportation of obscene matters.

If, on the other hand, you find from your consideration of all the evidence that the government has proved each of these elements beyond a reasonable doubt, then you should find the defendant guilty of the charge.

Pattern Crim. Jury Instr. 7th Cir. 4.02 (2020);  Transporting Obscene Matters 18 U.S.C. § 1462 (*Id*. at 586); Definition of "Obscene" (*Id*. at 612-13).

GOVERNMENT'S PROPOSED INSTRUCTION NO.  20

The indictment charges that the crimes happened "between on or about" June 22, 2019 to July 2, 2019. The government must prove that the crimes happened reasonably close to the dates. The government is not required to prove that the crimes happened on those exact dates.

Pattern Crim. Jury Instr. 7th Cir. 4.05 (2020)

GOVERNMENT'S PROPOSED INSTRUCTION NO.  21

The defendant has been accused of more than one crime. The number of charges is not evidence of guilt and should not influence your decision.

You must consider each charge separately. Your decision on one charge, whether it is guilty or not guilty, should not influence your decision on any other charge.

Pattern Crim. Jury Instr. 7th Cir. 4.06 (2020)

GOVERNMENT'S PROPOSED INSTRUCTION NO.  22

In deciding your verdict, you should not consider the possible punishment for the defendant. If you decide that the government has proved the defendant guilty beyond a reasonable doubt, then it will be my job to decide on the appropriate punishment.

Pattern Crim. Jury Instr. 7th Cir. 4.08 (2020)

GOVERNMENT'S PROPOSED INSTRUCTION NO.  23

A person acts "knowingly" if he realizes what he is doing and is aware of the nature of his conduct, and does not act through ignorance, mistake, or accident.  In deciding whether the defendant acted knowingly, you may consider all of the evidence, including what the defendant did or said.

Pattern Crim. Jury Instr. 7th Cir. 4.10 (2020)

GOVERNMENT'S PROPOSED INSTRUCTION NO.  24

"Interstate commerce" means commerce between different states, territories, and possessions of the United States, including the District of Columbia

"Commerce" includes, among other things, travel, trade, transportation and communication. Images transmitted or received over the Internet have moved in interstate or foreign commerce. It is for you to determine, however, if [the material containing] the visual depiction [had been transmitted or received over the Internet; was produced using materials that had been transmitted or received over the Internet].

Pattern Crim. Jury Instr. 7th Cir. (2020). Definition of Interstate or Foreign Commerce 18 U.S.C. §1465; See *Id*. at 828 (directing usage of this definition in child pornography cases).

GOVERNMENT'S PROPOSED INSTRUCTION NO.  25

Once you are all in the jury room, the first thing you should do is choose a [foreperson; presiding juror]. The [foreperson; presiding juror] should see to it that your discussions are carried on in an organized way and that everyone has a fair chance to be heard. You may discuss the case only when all jurors are present.

Once you start deliberating, do not communicate about the case or your deliberations with anyone except other members of your jury. You may not communicate with others about the case or your deliberations by any means. This includes oral or written communication, as well as any electronic method of communication, such as [list current technology or services likely to be used, e.g., telephone, cell phone, smart phone, iPhone, Blackberry, computer, text messaging, instant messaging, the Internet, chat rooms, blogs, websites, or services like Facebook, LinkedIn, YouTube, Instagram, Snapchat, Twitter], or any other method of communication.

If you need to communicate with me while you are deliberating, send a note through the [Marshal; court security officer]. The note should be signed by the [foreperson; presiding juror], or by one or more members of the jury. To have a complete record of this trial, it is important that you do not

30

communicate with me except by a written note. I may have to talk to the lawyers about your message, so it may take me some time to get back to you. You may continue your deliberations while you wait for my answer. [Please be advised that transcripts of trial testimony are not available to you. You must rely on your collective memory of the testimony.]

If you send me a message, do not include the breakdown of any votes you may have conducted. In other words, do not tell me that you are split 6–6, or 8–4, or whatever your vote happens to be.

Pattern Crim. Jury Instr. 7th Cir. 7.01 (2020)

31

GOVERNMENT'S PROPOSED INSTRUCTION NO.  26

A verdict form has been prepared for you. You will take this form with you to the jury room.

[Read the verdict form.]

When you have reached unanimous agreement, your [foreperson; presiding juror] will fill in, date, and sign the verdict form. [The foreperson; The presiding juror; Each of you] will sign it.

Advise the [Marshal; court security officer] once you have reached a verdict. When you come back to the courtroom, [I; the clerk] will read the verdict[s] aloud.

Pattern Crim. Jury Instr. 7th Cir. 7.02 (2020)

GOVERNMENT'S PROPOSED INSTRUCTION NO.  27

The verdict must represent the considered judgment of each juror. Your verdict, whether it is guilty or not guilty, must be unanimous.

You should make every reasonable effort to reach a verdict. In doing so, you should consult with each other, express your own views, and listen to your fellow jurors' opinions. Discuss your differences with an open mind. Do not hesitate to re-examine your own view and change your opinion if you come to believe it is wrong. But you should not surrender your honest beliefs about the weight or effect of evidence just because of the opinions of your fellow jurors or just so that there can be a unanimous verdict.

The twelve of you should give fair and equal consideration to all the evidence. You should deliberate with the goal of reaching an agreement that is consistent with the individual judgment of each juror.

You are impartial judges of the facts. Your sole interest is to determine whether the government has proved its case beyond a reasonable doubt.

Pattern Crim. Jury Instr. 7th Cir. 7.03 (2020)

## CERTIFICATE OF SERVICE

I hereby certify that on May 28, 2021, I electronically filed the foregoing with the

Clerk of the Court using the CM/ECF system and mailed a copy to Michael A.

Christianson at the following location:

**Michael A. Christianson**
18031-027
Kankakee County Detention Center JCDC
Prisoner ID #513110
3050 Justice Way
Kankakee, IL 60901
PRO SE


By: /s/  Molly A. Kelley
Molly A. Kelley
United States Attorney's Office
5400 Federal Plaza, Suite 1500
Hammond, IN 46340
Telephone: 219-937-5660

34