-FILED-

U.S.

JUN 03 2021

~~ROBERT N. TROWBRIDGE, Clerk~~
~~At~~
~~U.S. DISTRICT COURT~~
~~NORTHERN DISTRICT OF INDIANA~~

V.

Case No.

2:19-CR-0140

Michael Christianson

Defendant's Proposed Jury Instructions

Defendant, pro se, pursuant to FRCrP Rule 2 and 30(a) submits his proposed jury instructions. Whenever possible, the Defendant used the 7th Circuit Pattern Instructions (ND Ind. Local Rule 30-1(b)) by number only (30-1(c)):

A   Knowingly / Knowledge

Knowledge means that Mr. Christianson, at the time[1] of transporting the pictures, realized what he was doing and was aware of a high probability that at least one picture involved an actual person under the age of eighteen years engaged in sexu- ally explicit conduct. Mr. Christianson did not act knowingly if, at the time[1] of transporting the pictures he actually be-

1

lieved the pictures to be fake child porn-
ography and/or adult actors pretending to
be minors and/or legal child pornography,
or if Mr. Christianson acted by mistake,
accident, or other innocent reason.[2]


1. U.S. v. Silva, 794 F.3d 173, ___ (1 Cir 2015)("govern-
[must] prove ... material ... described in each count
in fact [meets] the statutory definition for child porn-
ography, and that [he] knew 'the facts that ma[d]e
his conduct fit the definition of the offense' AT THE
TIME OF receipt")(citing to Elonis v. U.S., 135 S.Ct. 2001,
2009 (2015)(quoting Staples v. U.S., 511 U.S. 600, 608 n.3
(1994)); U.S. v. Dillingham, 320 F.Supp.3d 809 (E.D.
VA, May 29, 2018)(Rule 29 Motion)(No direct evidence
that defendant actually knew that the charged
material contained child pornography at the time
of its distribution or receipt); U.S. v. Rodriguez,
No. 18-0350-CG (C.A.A.F. 2019)(Justia law)


2. U.S. v. Jewell, 532 F.2d 697, 706-707 (9 Cir 1976)
(Explaining knowledge is established if a person
is aware of a high probability of the facts
existance, unless he "actually believes that

2

it does not exist". Knowledge is a matter of Subjective — not objective — belief [citations omitted]); U.S. v. Simpson, 561 F.2d 53, 62 (7 Cir 1977)("'Knowingly in a criminal action is to insure that no one would be convicted by an act done because of mistake or inadvertance or other innocent reason.'") (Citing to Ryan v. U.S. 314 F.2d 306, 310-11 (10 Cir 1963); Tallman v. U.S., 465 F.2d 282, 287-88 (7 Cir 1972)); Jewell, 532 F.2d at 707 (the defendants "Subjective belief" is the determinative factor" What he "actually believed." Failure to clarify this in an instruction "may allow a jury to convict on an objective theory OF Knowledge."); accord U.S. v. Bright, 517 F.2d 584, 586-89 (2d Cir 1975); Morissett v. U.S., 342 U.S. 246, 271, 276 (1952) (holding a defendant couldn't be found guilty if he truly believed the Shell Casings on U.S. property, he collected and sold to be abandoned); Elonis v. U.S., 135 S.Ct. 2001, 2012 (2015); Rosen v. U.S., 161 U.S. 29 (1896) U.S. v. Lieu, 963 F.3d 122 (D.C Cir 2020) ("the defendant's state of mind should be assessed 'according to the circumstances as he believed them to be, rather than the circum-

stances as they may have existed in fact"[1])

B.   Circumstantial Evidence

Mr. Christianson's knowledge, his belief, and intent — the state of his mind — will be provable by circumstantial evidence,[1] such as his words and conduct, from which, in ordinary human experience, mental condition may be inferred.[2] But remember, Mr. Christianson's state of mind must be assessed according to the circumstances as he believed them to be, rather than the circumstances as they may have existed in fact.[3]

[1] American Commu. Ass'n v. Douds, 339 U.S. 382, 411 (1950)("Juries every day pass upon knowledge, belief, and intent — the state of men's minds — having before them no more than evidence of their words, and conduct, from which, in ordinary human experience, mental condition may be inferred.").

[2] U.S. v. Santos, 553 U.S. 507, 521 (2008)("In criminal trials, a defendant's knowledge "will

4

be provable (as Knowledge must almost always be proved) by Circumstantial evidence"); Pigee v. Isreal, 670 F.2d 690, 692 (7 Cir 1982) ("State of mind (i.e, intent, mental purpose, Knowledge) must be determined Circumstantially, by inference")

3. U.S. v. Lieu, 963 F. 3d 122 (D.C. Cir 2020) ("The defendant's state of mind should be assessed 'according to the circumstances as he believes them to be, rather than then circumstances as they may have existed in Fact '")

## C. Subjective Reaction To Images Not Relevant is not Relevant

You are not to decide whether one or more pictures appealed, or were intended to appeal, to Mr. Christianson's Sexual interests, only whether, & if any, depict an actual minor engaging in sexually explicit Conduct.

5

6

## D. Hard Core Pornography or Obscenity Per Se is

Hard Core pornography or Obscenity, is Obscenity which focuses predominately upon what is sexually morbid, grossly perverse and bizarre without any artistic or scientific purpose or justification. There is no desire to portray it in pseudoscientific or "arty" terms. It can be recognized by the insult it offers, invariably, to sex and society's standards of decency in the representation of the matters in which it deals. It has a patent absence at any serious value; it speaks for itself and screams for all to hear that it is obscene. It is not designed to be a truthful description of the basic realities of life as the individual experiences them but its main purpose [is] to stimulate erotic response.... No proof, other than the viewing of it, is required to determine if it is, in fact, obscene.

Morris v. Price, 259 A.2d 337, 341 (D.C. App. 1969) (adopting as statement of Hard Core Porn/Obscenity per se)

7

F

Determining Guilt and Innocense
Burdens of the law placed on each
Party

In determining the guilt or innocense of
each the defendant, you should scrutinize
the evidence with the utmost care and cau-
tion, bringing to that duty all of the reason
and prudence which you would exercise in
the most important affairs of life, in fact,
all of the judgment, care, caution and disc-
rimination that you possess, and if after
such scruteny of all of the evidence you
entertain a reasonable doubt as to the de-
fendant's guilt, you must acquit him.

The burden of proving Mr. Christianson
guilty of the crimes charged is upon the
government, and before you can render
a verdict of guilty the government must
prove to your satisfaction, beyond a
reasonable doubt, that the defendant is
guilty of the crimes charged, and of every
element thereof, and if you can recon-
cile the evidence upon any reasonable

8

hypothesis consistant with Mr. Christiansen's innocence, you must do so and acquit him.

One of the basic principles of our system of justice is that every man is presumed to be innocent until proven guilty beyond a reasonable ~~guilty~~ doubt. The defendant in every criminal action is entitled to the full benefit of the presumption of innocence at the outset of the trial, and such presumption of innocence abides with him throughout the trial of the case and must prevail on your verdicts, unless the evidence convinces you of his guilt beyond all reasonable doubt.

In considering the evidence in a criminal case, you must look to this evidence and view it in the light of that presumption of innocense. Mr. Christiansen is not required to prove himself innocent. The burden of proof never shifts to the defendant but rests on the prosecution throughout the trial. The burden of

9

proof is never upon the accused to
establish his innocence or to disprove
the facts necessary to establish the crime
for which he has been indicted. The burden
of proof is on the prosecution to convince
you by the presentation of credible
evidence of his guilt beyond all reason-
able doubt.

Ford v. Israel, 534 F. Supp. 1128, 1131 (WDWis 1982);
Pigee v. Israel, 700 F.2d 1096 (7 Cir 1983);
Davis v. U.S., 160 U.S. 469, ___ (1895)

# G.                    Advocating

Mr. Christianson has a First Amendment right to advocate for Naked-play, even if ~~yeah~~ it would be illegal in some locations but not others.[1]

On of the things that separates our society from totalitarian governments is Mr. Christianson's absolute right to propagate opinions that the government finds wrong or even harmful to minors.[2]

[1] Morse v. Frederick, 551 U.S. 393, 435 (2007); Brandenburg v. Ohio, 395 U.S. 444, 447-448 (1969) ("the Constitutional guarantees of free speech" permits "the advocacy of" "law violation")

[2] American Booksellers v. Hudnut, 771 F.2d 323, 328 (7 Cir 1985)

The right to educate one's children in sexual matters is protected by the First Amendment.

Pierce v. Society of Sisters, 268 U.S. 510 (      )

11

## H.  Protective Order

An aquittal in this case does not mean that Mr. Christianson will retain ownership or possession of the visual depictions or the childrens books. The defendant has entered into a binding protective order with the United States Government that guarantees the three books and all visual depictions used in this case will be impounded and forfeited upon conviction or aquittal.

12

## I.        Age of Subjects

The opportunity for reasonable mistake as to age increases significantly once the victim is reduced to a visual depiction, unavailable for questioning by the transporter, Mr. Christianson.

U.S. v. X-Citement Video, 513 U.S. ___, 72 n.2 (19    )

## J.

Child pornography is not created when the pedophile derives sexual enjoyment from an otherwise innocent photo, a visual depiction does not become child pornography because it is placed in the hands of a pedophile, or it is placed in a book where pedophiles might enjoy it or use it to violate the law.

U.S. v. Villard, 885 F.2d 117, 122 (3rd Cir 1989) (Focus of the image must be on the intended effect, rather than on the actual effect on the viewer)(§2252(a)(1) Case); U.S. v. Miller, 829 F.3d 519, 526 n.3 (7 Cir 2016)(Citing to Villard, Id

13

and holding that "the subjective intent of the viewer cannot be the only consideration in finding of lascivious[ness]"); U.S. v. Steen, 634 F.3d 822, 829 (5 cir 2011)("Congress did not make [transportation] of child pornography turn on whether the maker[, transporter,] or viewer of an image was sexually aroused" and consideration of arousal is an improper "non-statutory element")

14

# K        Lascivious Exhibition

In order to determine whether a visual depiction is a lascivious exhibition of the anus, genitals, or pubic area, you must consider the overall content, character and setting of the visual depiction, while taking into account its social and cultural context.[1]

The term "lascivious exhibition" means a depiction that is sexual in nature.[2] If not, it is not illegal under the law because it is not lascivious.[3]

A boy or a girl has a right to be exhibited or to pose in a state of nudity.[4] And the stricking aspects of nakedness and youth are not enough alone to render a visual depiction lascivious.[5] Therefore, when you are determining whether a visual depiction, if any, is or is not a lascivious exhibition of an actual person's anus, pubic area or genitals the distinction between body areas and specific body parts is not legally significant: the crucial question is whether the depiction of the anus, pubic

15

area or genitals is lascivious, not whether the camera happens to focus on the genitals or the buttocks or some other body area. [6]

The law requires a visual depiction has have more than a suggestion of lasciviousness. The law requires any lasciviousness to be explicit, that is if there is lasciviousness present it must actually be depicted in the visual depiction and not merely suggested. [7]

Child nudity is protected by the First Amendment. [8] It can be taboo, [9] risqué, or even child erotica. [10]

Child nudity is natural, ordinary, simple nudity without an action element. [11] Some sexual action elements that may transform simple nudity into lascivious exhibitions can include masturbation, intercourse, cunnilingus, fellatio, flagellation, fondling, golden showers, skatting, scissoring, and lewd poses among other sexual acts. [12]

The visual depictions you are evaluating do not become lascivious just because they ended up in Mr. Christiansen's hands or simply because they might have ended up in the hands of other pedophiles who are sexually excited

16

by them.[13] To be sure, Mr. Christianson did not produce the visual depictions you will be evaluating for indications of lasciviousness. The visual depictions you will be evaluating have been produced by some unknown individuals, all at various times and various places. There is no evidence that the producers of these visual depictions took these pictures for sexual pleasure or for a lascivious intent or purpose.

1. U.S. v. Wiegand, 812 F.2d 1239, 1244 (9 Cir 1987)

2. U.S. v. Johnson, 639 F.3d 433, 440 (8 Cir 2011)(observing a "picture is 'lascivious' only if it is sexual in nature."); Ashcroft v. FSC, 535 U.S. 234, 251 (2002) ("where the [pictures] [are] neither obscene nor the product of sexual abuse, it does not fall outside the protection of the First Amendment." (Citing Ferber v. New York, 458 US ___, 764-65 (1982)); U.S. v. Stevens, 559 U.S. 460, 471 (2010)(clarifying that child porn was categorically unprotected in Ferber because it involved visual depictions that were produced through sexual abuse of one or more children.); cf. Manual

17

2. con't. Enterprise Inc. v. Day, 370 U.S. 478, 482-83
(1962)("lewd and lascivious" have "always been
taken as aimed at obnoxiously debasing por-
trayals of sex"); quoted with approval in
Osborne v. Chic, 495 U.S. 103, 119-20 (1990).

3. Quoting U.S. v. Kemmerling, 285 F.3d 644, 646
(8 Cir. 2002)

4. Massachusetts v. Oakes, 491 U.S. 576, 591 (1989)

5. U.S. v. Amirault, 173 F.3d 28 (1 Cir 1999)(Citing
to Osborne, 495 US at 113-14)

6. Quoting generally Osborne 495 U.S. at 114 n.11
and 113 n.10 (the "graphic focus on the genitals"
must be for a "~~our~~ prurient purpose[],"
to be lascivious)

7. U.S. v. Williams, 553 U.S. 285, 297 (2008)("Sex-
ually explicit conduct" means "actual depic-
tion of the sex act" and not "merely the sug-
gestion that it is occurring.")(cite omitted);
Miller v. California, 413 US. ___, 25 (1973)

8. "Mere nudity is protected by the First Amend-
ment even where child pornography is involved"
Delman v. Coleman, 2012 U.S. Dist. Lexis 188303
(N D Ohio, May 30, 2012)(citing Erznoznik v. Jack-
sonville, 422 U.S. 205, 213 n.10 (1975)(images

18

8 con't. "must be, in some significant way, erotic"); U.S. v. Kemmerling, 285 F.3d 644, 646 (8 Cir 2002) (Focuses on the pubic area, genitals or anus must be "lewd" or lurid" to be criminalized); U.S. v. Villard, 885 F.2d 117, 124 (3d 1989)(law requires more than mere nudity, phrase "exhibition of the genitals or pubic area" in § 2256 (2)[A)(v)] is qualified by the word 'lascivious'"); Ferber, 458 U.S. at 765 n.18 ("nudity without more is protected expression [.]"); Miller v. U.S., 940 F.3d 371, 376 (7 Cir 2019)( a defendant "can go to trial on the view that [the images] lacked that something more."); U.S. v. Russell, 662 F.3d 831, 843-844 (7 Cir 2011)( "simple nudity" is not criminal nudity); accord Faloona v. Hustler Magazine, 607 F. Supp. 1341, ___ n.4 (ND Tx 1985)

9. U.S. v. Frabizic, 459 F.3d 80, 92 (1 Cir 2006) (Torruella concurring in judgment; "the images are jarring more because of the cultural taboo regarding nude pictures of prepubescent girls than because of the specific portrayal of the girls.")

10. U.S. v. Vosburgh, 602 F.3d 512, 538 (3d Cir

19

10 Con't. 2010)(noting in child porn prosecution that child erotica is legal); U.S. v. Gourde, 440 F.3d 1065, 1070 (9 Cir 2006 (recognizing child erotica is "legal content"); U.S. v. Edwards, 813 F.3d 953 (10 Cir 2015) (noting child erotica is legal material); U.S. v. Scott, 901 F.3d 842, 844 (7 Cir 2018)(observing that the line between erotica and porn "is hazy."); U.S. v. Scozzari, 392 F. Supp. 3d 210, 224 (D. Mass, Aug 15 2019)

11. Sovereign News v. Falke, 448 F. Supp. 306, 395 and Fn. 333 (ND Ohio, Oct. 31, 1977)(Concluding "simple nudity" is not the "hard core" sexual conduct prohibited and giving examples of the "action elements" at Fn. 333); accord Ferber, 458 U.S. at 773 (observing the New York statute was "directed at the hard core of child pornography")) See, note 8 for mere nudity, supra.

12 Falke, 448 F. Supp. at Fn. 333.

13. Cf. U.S. v. Williams, 553 U.S. 285, 301 (2008) (holding §2252A(a)(3)(B) which uses §2256 (2)(A)'s definition of "sexually explicit conduct" cannot apply "[w]here the material at issue is a harmless picture of a child in a bathtub and the defendant, knowing that material, erroneously believes

20

13 Con't. that it Constitutes a lascivious ex-
hibition of the genitals") (internal quotation
marks omitted); U.S. v. Miller, 829 F.3d 519, 526
n.3 (7 Cir 2016) ("The Statue does not criminalize
Sears Catalogs because they are in the hands
of a pedophile."); Williams, 553 US at 301
(innocuous pictures of naked children do not
become lascivious because they end up in the
hands of a pedophile who is Sexually excited
by them); Falcona, 607 F. Supp. at ___ (in-
nocous naked pictures of Children do not
become lascivious because they end up in
in Hustler Magazine or Some other Sex
Magazine); accord U.S. v. Moon, 13-0536-AR
(CAAF 2014) ("possession of images for one's
Sexual gratification does not itself remove such
images from First Amendment protection"
otherwise a "Sexual deviant's quirks could
turn a Sears Catalog into pornography.'"");
U.S. v. Amirault, 173 F. 3d 28, 34 (1 Cir 1999)
(Transporters Sexualized "Subjective reaction"
to legal images is unacceptable.)

21

# L.                    Sexually Explicit Conduct

"Sexually explicit Conduct" means actual
Sexual intercourse, including genital-genital,
or oral-genital, whether between persons of
the same or opposite sex; or lascivious
exhibition of the genitals or pubic area
of any person.

22

# M.        Child Erotica

"Child erotica" portrays something less than sexually explicit conduct [1] and may be sexually arousing to a given individual such as a pedophile or a hebo-phile[2] Child erotica is legal content.[3]

1. U.S. v. Padilla, 2017 CCA LEXIS 629 (CCA Sept 29, 2017)("[C]hild erotica portrays something less than sexually explicit conduct")

2. U.S. v. Martin, 426 F.3d 68, 79 (2d Cir 2005)(im-ages of children that are not sexually explicit but that may be "sexually arousing to a given individual such as a pedophile"); cf. U.S. v. Scott, 901 F.3d 842, 844 (7 Cir 2018)(declaring the "line between the two is hazy.")

3. U.S. v. Vosburgh, 602 F.3d 512, 538 (3d Cir 2010) (noting erotica is legal material), accord U.S. v. Gourde, 440 F.3d 1065, 1070 (9 Cir 2006); U.S. v. Edwards, 813 F.3d 953 (10 Cir 2015); See also U.S. v. Scanzani, 392 F.Supp.3d 210, 224 (D. Mass 2019) (erotica "produces sexual desire and pleasure")

23

## N.    Difficulties In Applying Instructions

That, when, in cases under this law, doubts and uncertainties arise as to the meaning and intentions of the words objected to, or in construing them with the context, or if there are difficulties in applying the definitions given by the Court, all reasonable doubts, uncertainties, and difficulties are to be resolved by giving the defendant the benefit of them.

U.S. v. Bennet, 24 F. Cas. 1093 (S.D. NY 1879) (Inst No. 10)

24

# N.            Minor

The term "minor" means any actual living person under the age of 18 years.

# O.          Two Conclusions

The Jury must find the defendant innocent if it views the evidence in the case as reasonably permitting either of two conclusions — one of innocence and the other of guilt

U.S. v. Braxton, 877 F.2d 556 (7 Cir 1989)

26

P.                    Silvern Instruction

Seventh Circuit Pattern Inst. § 7.03

U.S. v. Silvern, 484 F.2d 879 (7 Cir 1973)

27

# E.   Proof Beyond Reasonable Doubt

Defendant requests a proof beyond Reasonable doubt instruction instructing the jury regarding its solomn duty to aquit in the absence of proof beyond a reasonable doubt.

The Due process clause of the Fourteenth Amendment to the U.S. Const. guarantees that a defendant shall only be Convicted upon proof beyond a reasonable doubt. In Re Winship, 397 U.S. 358, 361-364 (1970). The Reasonable doubt standard of proof is an essential Component in every Criminal proceeding. In Re Winship, 397 U.S. at 361-364.

It's inclusion in the Court's charge is indispensable. Jackson v. Virginia, 443 U.S. 307, 320 n.14, reh. denied 444 U.S. 890 (1979)

28

Respectfully

Michael Christiansen
513110 JCDC
3050 S. Justice Way
3080
Kankakee, IL 60901

Certificate
I certify that on May 28, 2021, I placed the forgoing in the JCDC Institutional legal mail system with sufficient first class postage affixed and addressed to:

Clerk of Court
Federal Dist. Court
Suite 2300
5400 Federal Plaza
Hammond, IN 46320

29